Case: 22-2146    Document: 22    Filed: 01/24/2023    Pages: 10

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

No. 22-2146

Criminal

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SAMUEL RUBEN CARAWAY,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Illinois
District Court No. 16-cr-30024-NJR-09

The Honorable Nancy J. Rosenstengel,
United States District Court Judge, Presiding

**REPLY BRIEF OF DEFENDANT-APPELLANT**

GREGORY N. SMITH
Grant, Miller & Smith, LLC
7733 Forsyth Blvd., Suite 1850
St. Louis, MO 63105
Telephone: (314) 721-6677
Fax: (314) 721-1710
E-mail:  greg@gnsmithlaw.com
ATTORNEY FOR APPELLANT

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ……………………………………………………... i

TABLE OF AUTHORITIES ..……..………………………………………… ii

ARGUMENT ……………………………………..……………….…1

**The district court erred in finding the sentencing enhancement for obstruction of justice because there was no evidence presented to find that the delay in Mr. Caraway's apprehension was the result of his calculated evasion from law enforcement.**

CONCLUSION……………………………………………………….7

# TABLE OF AUTHORITIES

## CASES

*United States v. Abbas*, 560 F.3d 660 (7th Cir. 2009)….………………………….…..4

*United States v. Asbury*, 27 F.4th 576 (7th Cir. 2022)…...………………….………3-5

*United States v. Bravo*, 26 F. 4th 387 (7th Cir. 2022)……………………………...4

*Gall v. United States*, 552 U.S. 38 (2007)……………………………….……………3

*United States v. Porter*, 145 F.3d 897 (7th Cir. 1998)……………………………1, 2

## STATUTES

18 U.S.C. §3553(a)..……………………………………...…………………………3, 5

## GUIDELINES

U.S.S.G. §3C1.1…………………………………………………………………….....2

# ARGUMENT

**The district court erred in finding the sentencing enhancement for obstruction of justice because there was no evidence presented to find that the delay in Mr. Caraway's apprehension was the result of his calculated evasion from law enforcement.**

### A. <u>Willful Obstruction of Justice</u>

The government argues that the evidence supports an *inference* that Mr. Caraway willfully obstructed justice by evading arrest. Examples presented by the government of this willful evasion include abrupt cessation of communications, avoidance of usual places and associates, and his lack of traceable commercial activity. These examples, according to the government, constitute willful and calculated evasion of arrest. Likewise, the government further argues that Mr. Caraway's actions when arrested in July of 2021 further demonstrate that he was willfully evading arrest.

The government relies on *United States v. Porter*, 145 F.3d 897, 903 (7th Cir. 1998) when it argues that Mr. Caraway, despite not being in custody when indicted, could still willfully evade arrest and obstruct justice. *Porter* is a case where a defendant fled the jurisdiction he was living in when he learned that he was about to be indicted. As stated in Mr. Caraway's Appellant's Brief, there is no evidence that Mr. Caraway fled anywhere upon learning in May of 2017 that an indictment was probable. The government has nothing to suggest that allegation.

The cases cited by the government, including *Porter*, talk about flight. They talk about flight because that is an affirmative, calculated and willful act to avoid arrest or apprehension. The cases don't talk about living in a populous city and just not being found by law enforcement. And again, if the government's contention is that Mr. Caraway remained in Houston, and took measures to avoid arrest, they have no evidence to suggest that is such. Rather, the government speculates Mr. Caraway's supposed inaction is the basis for their calculated and willful evasion claim. Not using a credit card or applying for a COVID stimulus check is not evidence of calculated evasion. Mr. Caraway's Appellant's Brief thoroughly argues against this allegation and Mr. Caraway chooses not to supplement his prior points any further.

     The government concedes that, "providing a false name or identification document at arrest" will ordinally not constitute obstruction of justice, as set forth in U.S.S.G. §3C1.1 Application Note 5(A). However, the government mistakenly argues that Mr. Caraway's dishonesty at the arrest scene shows that he was knowingly evading arrest for 3.5 years. At that particular moment, yes, Mr. Caraway was evading arrest. But he was doing so in a panicked and arguably pathetic manner. His attempts to conceal his identity roadside were the sort of panicked behavior that the Application Note addresses. The government offers nothing to suggest that Mr. Caraway used false names since the filing of his

indictment, nor does the government offer any evidence to suggest that Mr. Caraway actively obfuscated detection by using a false identification or other means of deception. Giving a false name on the side of the road is not indicative of 3.5 years of calculated evasion.

### B.    Harmless Error

The government contends that even if the district court erred in applying the obstruction of justice enhancement, any error was harmless because the district court made clear it would have imposed the same sentence regardless of the outcome of the contested objection. In doing so, the government argues that the district court stated unequivocally that it would impose the same sentence based on the application of the 18 U.S.C. § 3553(a) factors.

Sentencing proceedings first start with the district court calculating the sentencing guidelines. District courts must then weigh the factors set out in 18 U.S.C. § 3553(a). District courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing proceedings. *Gall v. United States*, 552 U.S. 38, 50-51 (2007).

Furthermore, §3553(a) does not permit the judge to nullify the guidelines by way of a simple assertion that any latent errors in the guidelines calculation would make no difference to the choice of sentence. *United States v.*

*Asbury*, 27 F.4th 576, 581 (7th Cir. 2022). In *United States v. Abbas*, 560 F.3d 660, 667 (7th Cir. 2009), this Court explained that when the sentencing judge gives "a detailed explanation" of the basis for a "parallel result"—a sentence different from the guideline recommendation—that explanation may render an error in the guidelines calculation harmless. *Abbas* permits district courts to, in a sense, inoculate their sentences against reversal by giving us the information we need to determine, on appeal, whether an error was harmless without resort to a remand. *Asbury* 27 F.4th at 581. The Court in *Asbury* further stated what it originally stated in *Abbas*, "a conclusory comment tossed in for good measure" is not enough to make a guidelines error harmless. *Id.*

As *Abbas* suggested, a district court's statement purporting to inoculate its chosen sentence against errors identified on appeal will be effective only if two conditions are satisfied. First, the inoculating statement must be "detailed." *Abbas*, 560 F.3d at 667. *Abbas* required the district judge to give specific attention to the contested guideline issue in her explanation. A generic disclaimer of all possible errors is not sufficient. Second, the inoculating statement must explain the "parallel result." *Id*. By that, we mean that it must be "tied to the decisions the court made" and account for why the potential error would not "affect the ultimate outcome." *Asbury* F.4th at 581-82, quoting *United States v. Bravo*, 26 F. 4th 387, 397 (7th Cir. 2022). When an inoculating statement fails to satisfy either of these two criteria,

4

we cannot say with confidence that the district court would have reached the same sentence despite the guidelines error. It follows that we cannot say whether the error was harmless. *Asbury*, at 582.

Mr. Caraway concedes that the district court did address the contested guideline issue. The district court ruled on each of the parties' objections and gave explanations as to each of its decisions. However, the district court's inoculating statement did not adequately explain the parallel result, as required by *Abbas*.

> I think anything more than 360 months would be greater than necessary. And anything less, even if the Court's calculation of the guideline range is incorrect, would not meet the sentencing goals of 18 United States Code Section 3553. So I want to be very clear. This would be my sentence even if my rulings on the objections are wrong and the guideline would be something else. I believe 360 months on a drug crime is the most that I have ever imposed, and that's only a time or two. And certainly given the extensive nature of this drug trafficking organization, that is appropriate.

Sent. Tr. At 107:13-22. The government stresses that the district court's statement that 360 months would be the Court's sentence, regardless of the outcome of the contested objection is adequate to explain the parallel result.

The inoculating statement that the sentence of 360 months would be the district court's sentence even if the court erred by overruling Mr. Caraway's objection is not adequate to explain the parallel result. Stating "I want to be very clear" does not account for why the potential error would not "affect the ultimate outcome." Likewise, stating what the

5

guideline range would be with or without the obstruction of justice enhancement does not make the error harmless. The district needed to say more in this respect and Mr. Caraway argues it did not.

## CONCLUSION

The government's claims of Mr. Caraway's evasive conduct are without merit. Affirmative evidence of his evasion from arrest was not sufficiently presented to the district court, either in the PSR or through witnesses at the sentencing hearing. The government's assertions that it must be something because we did not find him are not what the obstruction enhancement was intended to address. Likewise, the application of the obstruction of justice enhancement is not harmless error. Despite the district court stating that its sentence would be the same, regardless of the outcome of the contest obstruction objection, the court's analysis and reasoning lack the level of detail to explain the parallel result. Mr. Caraway again requests this Court to remand for re-sentencing.

Respectfully submitted,

*/s/ Gregory N. Smith*
GREGORY N. SMITH #58482MO
Grant, Miller & Smith, LLC
7733 Forsyth Blvd., #1850
St. Louis, MO  63105
(314) 721-6677 (314) 721-1710 FAX
greg@gnsmithlaw.com
*Attorney for Appellant Caraway*